UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

5-STAR GENERAL STORE aka BENTO LLC, MARC ALLEN, INC., FAST FORWARD MEDIA, INC., MEZE LLC, KENNEDY'S IRISH PUB INC., CARDEN, INC., FRENCH FLORIST, LLC, LUXE FURNITURE, INC., LUNA'S HOSPITALITY GROUP, LLC, and THE GENT'S PLACE MEN'S FINE GROOMING LLC, on behalf of themselves and others similarly situated,

Plaintiffs,

-against-

AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,

Defendants.

Case No. 1:24-cv-00106-MSM-LDA

**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' CLASS ACTION ALLEGATIONS**

# TABLE OF CONTENTS


**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

LEGAL STANDARD .......... 3

I. PLAINTIFFS CANNOT SATISFY THE REQUIREMENTS FOR CERTIFYING AN INJUNCTIVE RELIEF CLASS AND A DECLARATORY JUDGMENT CLASS UNDER RULE 23(b)(2) .......... 4

A. Plaintiffs Did Not Previously Seek Nationwide Injunctive Relief or Declaratory Judgment in Their Arbitral Demands .......... 4

B. Amex Has Not Waived Its Right To Arbitrate Plaintiffs' Claims for a Nationwide Injunction or Declaratory Relief. .......... 6

C. Plaintiffs Cannot Certify a Declaratory Relief Class Under Rule 23(b)(2). .......... 7

II. PLAINTIFFS' PROPOSED CLASS IS NOT ASCERTAINABLE. .......... 9

CONCLUSION .......... 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alwert v. Cox Commc'ns, Inc. (In re Cox Enters., Inc. Set-top Cable Television Box Antitrust Litig.)*,
835 F.3d 1195 (10th Cir. 2016)....................5, 6

*Berger v. Xerox Ret. Income Guarantee Plan*,
338 F.3d 755 (7th Cir. 2003)....................8

*Borgese v. Baby Brezza Enters. LLC*,
No. 20 CIV. 1180 (VM), 2021 WL 634722 (S.D.N.Y. Feb. 18, 2021)....................3

*Campbell v. First Am. Title Ins. Co.*,
269 F.R.D. 68 (D. Me. 2010)....................1, 11

*Collado v. J. & G. Transp., Inc.*,
820 F.3d 1256 (11th Cir. 2016)....................6, 7

*Gaudreau v. My Pillow, Inc.*,
No. 21-cv-1899-CEM-DAB, 2022 WL 3098950 (M.D. Fla. July 1, 2022)....................7

*Gingiss Int'l, Inc. v. Bormet*,
58 F.3d 328 (7th Cir. 1995)....................6

*Krinsk v. SunTrust Banks, Inc.*,
654 F.3d 1194 (11th Cir. 2011)....................6

*Manning v. Boston Medical Center Corp.*,
725 F.3d 34 (1st Cir. 2013)....................3, 4

*McMann v. Cent. Falls Det. Facility Corp.*,
Civ. No. 12-12294-NMG, 2014 WL 1051145 (D. Mass. Mar. 17, 2014)....................3

*Monteferrante v. Williams-Sonoma, Inc.*,
241 F. Supp. 3d 264 (D. Mass. 2016)....................3

*Rivera v. Exeter Fin. Corp.*,
829 F. App'x 887 (10th Cir. 2020)....................10

*Robinson v. Metro-North Commuter R.R. Co.*,
267 F.3d 147 (2d Cir. 2001)....................1

*Shearson Lehman Hutton, Inc. v. Wagoner*,
944 F.2d 114 (2d Cir. 1991)....................6

*Sogbuyi-Whitney v. Caremark PhC LLC*,
No. 23-cv-00055-MSM, 2024 WL 324552 (D.R.I. Jan. 29, 2024)....................1, 4

*Walmart v. Dukes*,
564 U.S. 338 (2011) ....................8

**Statutes & Rules**

Fed. R. Civ. P. 23(a) ....................9, 11

Fed. R. Civ. P. 23(b)(2).................... passim

Fed. R. Civ. P. 23(b)(3)....................2, 8, 9

Fed. R. Civ. P. 23(c)(4)....................2, 4, 8

## INTRODUCTION

Plaintiffs' class allegations suffer from incurable defects that preclude the Rule 23(b)(2) certification they seek. Nevertheless, rather than grapple with the arguments and cases raised in Amex's Motion to Strike, Plaintiffs obfuscate and misdirect. Plaintiffs argue, for instance, that the motion to strike should be denied because such motions are "highly disfavored at the pleading stage". (Dkt. 22, Pls.' Opp. to Defs.' Mot. to Strike Class Action Allegations ("MTS Opp.") at 1 (quoting *Sogbuyi-Whitney v. Caremark PhC LLC*, No. 23-cv-00055-MSM, 2024 WL 324552, at *3 (D.R.I. Jan. 29, 2024)).) But motions to strike are only disfavored when the defects in plaintiffs' class allegations are not clear or might be cured through amendment. Here, the deficiencies in Plaintiffs' class allegations are plain on the face of the complaint and cannot be cured.

As Amex explained in its opening brief, Plaintiffs cannot pursue certification under Rule 23(b)(2) unless they can establish that class-wide injunctive or declaratory relief is "necessary to redress a group-wide injury". *Campbell v. First Am. Title Ins. Co.*, 269 F.R.D. 68, 77 (D. Me. 2010) (quoting *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 162 (2d Cir. 2001)). Plaintiffs cannot dispute this basic legal principle. Instead, Plaintiffs argue that they have satisfied this standard because they are seeking a nationwide injunction and a broad declaratory judgment that would cover the entire putative class. But Plaintiffs ignore three critical points.

*First*, it is irrelevant whether the federal court complaint seeks a nationwide injunction because the arbitral demands did not, and it is those arbitral demands that delineate the scope of relief that Plaintiffs can now seek to pursue on a theory of waiver. And there is no dispute that Plaintiffs never pursued declaratory relief in arbitration. Plaintiffs pretend that they *did* seek nationwide injunctive relief in arbitration, but this argument cannot be squared with the

unambiguous language of Plaintiffs' arbitral demands, which limits the requested injunction to *each* individual claimant and its local competitors.

*Second*, because Plaintiffs did not include a request for a nationwide injunction or declaratory relief in their arbitral demands, they cannot pursue those claims here because—as a matter of black letter law and basic common sense—Amex never waived its right to arbitrate claims that Plaintiffs never attempted to pursue in arbitration. Plaintiffs effectively concede as much in their opposition.

*Third*, Plaintiffs' request for class-wide declaratory relief cannot stand because the requested declaration is improperly—and explicitly—related to damages rather than injunctive relief. Confronted with this criticism, Plaintiffs ignore all the relevant case law and instead offer a convoluted argument for pursuing an "issue class" under Rule 23(c)(4) as to the purportedly class-wide question of liability. But, as Amex has noted, Rule 23(c)(4) is not a standalone vehicle for certifying a class. A class must be certified under Rule 23(b)(2) or Rule 23(b)(3). Here, Plaintiffs seek to certify a class only under Rule 23(b)(2), but Plaintiffs do not cite any authority concerning certifying issue classes under Rule 23(b)(2). Rather, they rely on cases in which courts have used Rule 23(c)(4) to bifurcate questions of liability and damages for purposes of certifying *damages* classes under Rule 23(b)(3). That authority has no application here because Plaintiffs do not seek to certify Rule 23(b)(3) damages classes. Plaintiffs seek to certify Rule 23(b)(2) classes for the explicit—and prohibited—purpose of facilitating later and separate damages claims. Rule 23(c)(4) is simply irrelevant here.

Moreover, separate and apart from the issues identified above, Plaintiffs' class allegations must be stricken because Plaintiffs' class is not ascertainable. As Amex argued in its opening brief, the putative class is improperly defined by legal criteria, not objective factors. However,

once again, rather than deal with this issue head on, Plaintiffs feign ignorance of the relevant legal standard and fail to address dispositive case law.

Because Plaintiffs' class allegations are incurably and facially defective, they should be stricken from the complaint.

## LEGAL STANDARD

As Plaintiffs acknowledge, "ruling on a motion to strike is committed to the district court's sound judgment". (MTS Opp. at 1 (quoting *Manning v. Bos. Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013)).) Plaintiffs nevertheless argue that motions to strike are "highly disfavored" at the pleadings stage, and that Amex has failed to show "why any different result is warranted here". (MTS Opp. at 1-2.) Plaintiffs are wrong. Although motions to strike may not be warranted in many cases, this is not most cases. Here, Plaintiffs have done something unusual: They have explicitly pleaded themselves out of having a certifiable Rule 23(b)(2) class.

Plaintiffs do not dispute that where class claims are not viable "on [the complaint's] face", striking class claims is appropriate. *See Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 273 (D. Mass. 2016); *McMann v. Cent. Falls Det. Facility Corp.*, Civ. No. 12-12294-NMG, 2014 WL 1051145, at *4 (D. Mass. Mar. 17, 2014) (striking class claims based on "conclusory allegations" in complaint); *see also Borgese v. Baby Brezza Enters. LLC*, No. 20 CIV. 1180 (VM), 2021 WL 634722, at *4 (S.D.N.Y. Feb. 18, 2021) ("[T]he Court is persuaded that the class allegations should be stricken here because it is clear from the pleadings that the certification requirements cannot be met.") As explained below, that is this case.

The cases Plaintiffs cite are all distinguishable, as the plaintiffs in those cases—unlike here—*had* pled a viable path to relief. For example, in *Sogbuyi-Whitney v. Caremark PhC LLC*, Defendants argued Plaintiffs' class claims ought be stricken because Plaintiffs had failed to meet the "numerosity requirement". 2024 WL 324552, at *2. The court declined "because the

plaintiffs *ha[d] alleged* that numerous employees were subject to discriminatory treatment". *Id.* at *3 (emphasis added). Similarly, in *Manning v. Boston Medical Center Corp.*, the First Circuit concluded that the district court erred by not considering the *complaint's allegations*, engaging instead in a merits-based analysis. 725 F.3d at 60. Where, as here, the defects are plain on the face of the complaint and cannot be cured through re-pleading (and Plaintiffs do not argue that they can be), striking the class allegations is the only proper course.

## ARGUMENT

### I. PLAINTIFFS CANNOT SATISFY THE REQUIREMENTS FOR CERTIFYING AN INJUNCTIVE RELIEF CLASS AND A DECLARATORY JUDGMENT CLASS UNDER RULE 23(b)(2).

As Amex detailed in its opening brief, Plaintiffs' class action allegations must be stricken because, under their own theory of the case, Plaintiffs cannot secure relief under Rule 23(b)(2). (Dkt. 19, Defs.' Mot. to Strike Pls.' Class Action Allegations ("MTS") at 6-12.) Plaintiffs take issue with the "premises" undergirding Amex's argument, claiming that (1) Plaintiffs can seek a nationwide injunction in federal court because they previously attempted to pursue such relief in arbitration; (2) Amex waived its right to arbitrate Plaintiffs' claims; and (3) there is no basis for striking Plaintiffs' claim for declaratory relief because Rule 23(c)(4) authorizes courts to certify "issue classes" as to common questions of liability. In making these arguments, Plaintiffs elide and muddle the relevant facts and law. Because Plaintiffs have not and cannot rebut the core criticisms in Amex's motion to strike, Amex's motion should be granted.

#### A. Plaintiffs Did Not Previously Seek Nationwide Injunctive Relief or Declaratory Judgment in Their Arbitral Demands.

Because Plaintiffs are seeking relief in federal court on the theory that Amex waived its right to arbitrate Plaintiffs' claims, Plaintiffs can only pursue claims here that they previously raised in arbitration. *See Alwert v. Cox Commc'ns, Inc. (In re Cox Enters., Inc. Set-top Cable*

*Television Box Antitrust Litig.)*, 835 F.3d 1195, 1207 (10th Cir. 2016) (listing cases from various circuits that hold that a claim cannot proceed in court on a theory of waiver unless the subsequent court case "involve[s] essentially the same claim as the one to be arbitrated").

Here, Plaintiffs' claims for a nationwide injunction and declaratory relief must be stricken because Plaintiffs did not previously seek such relief in the arbitral demands as to which waiver is asserted. There is no question that Plaintiffs' arbitral demands did *not* include a request for declaratory judgment and that such a claim appears for the first time in Plaintiffs' federal complaint. Amex raised this point in its opening brief but Plaintiffs simply ignore it. And as to their new request for a nationwide injunction, Plaintiffs splice and chop their arbitral demands to pretend that they had sought a nationwide injunction in arbitration. But Plaintiffs' argument cannot be reconciled with the words in the demands. Paragraph 59 of each demand provides:

> Claimant is further entitled to injunctive relief that is as broad as necessary to redress Claimant's injury. In this case, complete relief requires an injunctive award that not only allows the Claimant itself to freely steer and surcharge transactions, but that further allows Claimant's competitors in its industry and geographic area to steer and surcharge. It does little good for a merchant to be the only business in its town or industry that can surcharge. The question of just how broad an injunction must be to deliver meaningful relief is an issue for the Arbitrator.

(Dkt. 19-2, Decl. of Peter T. Barbur in Supp. of MTS, Ex. 1, Arbitration Demands ("Demands") ¶ 59.) No one reading that paragraph as a whole could possibly conclude that Plaintiffs are seeking a nationwide injunction as opposed to an injunction tailored to individual claimants and their local competitors. Plaintiffs point to the phrase "as broad as necessary" and the reference to the scope of the injunction being an issue for Arbitrator as evidence that they previously sought a nationwide injunction. (MTS Opp. at 6-7.) But that ignores that those phrases were modified by the second sentence in Paragraph 59, which makes clear that the breadth of the injunction sought is limited to the individual Claimant and its local competitors. What that paragraph actually

alleges is that, in deciding "just how broad" an injunction should be, the Arbitrator is called on to determine the breadth of the industry and geographic area needed to capture a "Claimant's competitors". (Demands ¶ 59.)

This Court cannot read declaratory relief or a nationwide injunction into the original arbitral demands where neither existed. Even if such claims could be inferred from a demand—and here they could not—"knowing that a potential claim may lurk in the shadows of a case is not the same as litigating against a claim that has been brought out into the open in a pleading". *Collado v. J. & G. Transp., Inc.*, 820 F.3d 1256, 1261 (11th Cir. 2016).

B. Amex Has Not Waived Its Right To Arbitrate Plaintiffs' Claims for a Nationwide Injunction or Declaratory Relief.

Because Plaintiffs did not request a nationwide injunction or declaratory relief in their arbitral demands, they cannot now pursue such relief in federal court. As a matter of black letter law, waiver only applies to claims that were previously brought in arbitration. *See Alwert*, 835 F.3d at 1207. Seeking different relief or adding claims changes the "scope" of a complaint such that a defendant cannot be said to have waived its rights to arbitration, even if the new claim is based on the same underlying facts. *See Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 122 (2d Cir. 1991) (holding plaintiff could not have waived right to arbitrate "legally distinct claims" brought by another party even if claims regarded the same core facts); *Gingiss Int'l, Inc. v. Bormet*, 58 F.3d 328, 332 (7th Cir. 1995) (holding defendant had not waived right to arbitrate by prosecuting state court action because "action involved different issues"); *Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1203 (11th Cir. 2011) (holding defendant had not waived right to arbitrate where the amended complaint changed the size and scope of the alleged class); *Collado*, 820 F.3d at 1260 (discussing that "[w]aiver of the right to arbitrate a federal claim does not extend to later asserted state claims").

Plaintiffs concede that waiver does not apply if a party asserts new claims or "substantially alter[s] the scope or theory" of the case. (*See* Dkt 21, Pls.' Opp. to Defs.' Mot. to Compel Arb. ("MTC Opp.") at 23-24.) That concession settles the issue. Plaintiffs nevertheless attempt to confuse the matter by claiming that waiver can apply "even where a complaint adds new causes of action". (*Id.* at 24.) But the case cited for that proposition says nothing of the sort. In *Gaudreau v. My Pillow, Inc.*, the court concluded that the defendant had waived its right to arbitrate where the plaintiffs' claims were "nearly identical" to those initially asserted in arbitration and did not alter "the scope of litigation". No. 21-cv-1899-CEM-DAB, 2022 WL 3098950, at *8 (M.D. Fla. July 1, 2022). In fact, the only change the court discussed was the addition of a few defendants, not of additional relief or claims. *Id.*

At bottom, finding waiver under the circumstances here would put Amex in the "awkward if not absurd position" of being "held to have waived the right to insist that previously unasserted claims be arbitrated once they are asserted". *Collado*, 820 F.3d at 1261 (11th Cir. 2016). Such a result should not be permitted.[1]

C. Plaintiffs Cannot Certify a Declaratory Relief Class Under Rule 23(b)(2).

Plaintiffs' arguments concerning their request for a declaratory judgment likewise ignore the relevant cases and issues. Plaintiffs are seeking certification of a declaratory relief class pursuant to Rule 23(b)(2). (Dkt. 1, Class Action Compl. ¶ 61.) As explained in Amex's opening

[1] Plaintiffs' new request for a nationwide injunction further fails because injunctive relief sought under Rule 23(b)(2) must be "necessary" to provide relief to the class as a whole. (*See* MTS at 6-9.) Plaintiffs do not deny that class-wide injunctive relief must be necessary to secure relief under Rule 23(b)(2), but they contend that Amex's argument is "premature" because "the question of the scope of necessary injunctive relief is well downstream". (MTS Opp. at 7.) But this ignores that Plaintiffs' prior arbitral demands expressly disclaimed the need for a broader nationwide injunction, and these demands are binding judicial admissions. (MTS at 8-9.) Amex raised this point in its opening brief, but, again, Plaintiffs simply ignore it in their opposition.

brief, Rule 23(b)(2) only allows for certification of a declaratory relief class when the requested declaratory judgment "correspond[s]" to "injunctive relief". Fed. R. Civ. P. 23(b)(2); (MTS at 10). Rule 23(b)(2) does *not* allow for certification of a class that is sought in aid of future damages claims—which is exactly what Plaintiffs say they are seeking to do here. (MTS at 10-12.) Amex's opening brief cites a litany of cases establishing that Plaintiffs' attempted maneuver is improper. (*Id.*) Plaintiffs do not even acknowledge these cases, much less establish that they are somehow distinguishable or not good law. Plaintiffs just ignore them.

Instead, in arguing that issue-specific declaratory relief for a Rule 23(b)(2) class under Rule 23(c)(4) can be used as a prelude to damages claims, Plaintiffs rely on cases involving Rule 23(b)(3) *damages* classes.[2] (MTS Opp. at 8-11.) Plaintiffs argue, in particular, that courts can use Rule 23(c)(4) to bifurcate issues of liability from the issue of damages when certifying a damages class under Rule 23(b)(3). (*Id.*) But there is no dispute that Rule 23(c)(4) offers no standalone mechanism for certifying a class. (*See* MTS at 6 n.4.) Thus, the fact that Rule 23(c)(4) issue classes can be used in conjunction with Rule 23(b)(3) damages classes has no bearing on whether Plaintiffs can use Rule 23(b)(2) to certify the injunctive- and declaratory-relief class that they have alleged here. Put simply, Plaintiffs ignore the cases involving Rule 23(b)(2) classes (which is what Plaintiffs seek to have certified here) and instead rely on cases involving Rule 23(b)(3) (which has nothing to do with the claims here). Plaintiffs' argument concerning Rule 23(c)(4) is simply irrelevant.

[2] Plaintiffs do cite *Berger v. Xerox Ret. Income Guarantee Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003), for the proposition that a Rule 23(b)(2) class can be used as "a prelude to a request for damages" (MTS Opp. at 10 n.5 (quoting *Berger*, 338 F.3d at 763-64)). But that out-of-circuit case pre-dated *Walmart v. Dukes*, 564 U.S. 338, 360-63 (2011), which clarified that Rule 23(b)(2) classes cannot be used as a pretext for individualized damages claims, and cannot be squared with the in-circuit authority cited by Amex (that Plaintiffs ignore).

Plaintiffs' response to the due process concerns raised in Amex's opening brief fails for the same reason. As Amex explained, Plaintiffs' declaratory judgment allegations implicate the unnamed plaintiffs' due process rights because class members cannot opt out of classes certified under Rule 23(b)(2). Thus, as Plaintiffs specifically allege, unnamed plaintiffs risk being barred by res judicata from bringing damages claims even though they have no say in whether they wish to participate in this case. (MTS at 11-12.) In their response, which Plaintiffs relegate to a short footnote, Plaintiffs argue that, "after a class is certified under Rule 23(b)(3) and after liability is ascertained, each individual class member may then sue for damages or not, and each member controls his or her own damages case". (MTS Opp. at 10 n.6.) That is beside the point. Once again, Plaintiffs here do not seek to certify a class under Rule 23(b)(3) from which members may opt out. Plaintiffs instead seek to certify a class under Rule 23(b)(2) from which members cannot opt out. The risk that a class member's claims may be extinguished without the opportunity to opt out is a paradigmatic deprivation of due process. Rather than address this argument head on, Plaintiffs simply—and unsuccessfully—wish it away.

## II. PLAINTIFFS' PROPOSED CLASS IS NOT ASCERTAINABLE.

As Amex has explained, Plaintiffs' class action allegations fail for the additional reason that they do not satisfy the ascertainability requirement of Rule 23(a). (MTS at 12-16.) In response, Plaintiffs claim that their class is "fully ascertained" because it purportedly includes 5,155 merchants. (MTS Opp. at 11.) This argument fails for three reasons.

As a matter of law, "ascertainability" is not the same thing as certainty or the absence of guesswork, as Plaintiffs claim. (*Id.* at 11.) The fact that there is no question which merchants are on Plaintiffs' list of class members does not mean Plaintiffs have established ascertainability. Ascertainability requires that there be objective criteria that a court can use to determine which—out of all of the millions of merchants in the U.S.—qualify to be in the alleged class. Plaintiffs'

attempt to distinguish *Rivera v. Exeter Fin. Corp.*, 829 F. App'x 887 (10th Cir. 2020)—which holds that simply providing a list is not enough—misses the mark. Plaintiffs argue that the list in *Rivera* was based on "subjective criteria", but that is wrong. (MTS Opp. at 11.) The *Rivera* court held that simply providing a list is not the same thing as defining a class and did not limit its reasoning to the fact (noted only in a footnote) that plaintiffs used subjective criteria in assembling their list. *Id.* at 888 ("It is the burden of the plaintiff seeking class certification, here Rivera, to show the class certification requirements are satisfied, and the submission of a list of names without a class definition falls short of satisfying this burden.") (citation omitted); *see also id.* at 887 n.1 (noting the list of names the plaintiffs' counsel submitted was "based on a method that *included* subjective criteria", which indicates that subjectivity was not the only issue (emphasis added)). Put simply, Plaintiffs' proposed class implicates two separate issues: (1) whether providing a list of merchants is sufficient to define a class; and (2) is the definition that Plaintiffs have provided based on objective criteria as opposed to legal definitions. The answer to each is "no", and Plaintiffs cannot avoid that conclusion by improperly attempting to conflate the two questions.

Plaintiffs have not provided a class definition that is based on objective criteria. Rather, as Amex explained in its opening brief, Plaintiffs' purported class is improperly based on a legal definition—namely, whether Amex "waived" its right to arbitrate as to each purported class member. (MTS at 14-15.) In their opposition, Plaintiffs concede that their class definition turns on this legal question, arguing that "[a]t the outset of this case, this court will determine whether Amex waived its right to compel arbitration". (MTS Opp. at 11.) Plaintiffs pretend that using legal definitions is only problematic if the legal question concerns the central question of liability, as opposed to one component of liability or a legal issue. (MTS Opp. at 11.) But that is

wrong. As Amex explained, a class definition that requires a "legal conclusion" of any kind before it can be certified does not meet the ascertainability requirement. (MTS at 14-15 (quoting *Campbell*, 269 F.R.D. at 74).) Plaintiffs simply ignore this case law. Instead, Plaintiffs argue that the class definition can be refined to refer to "merchants for whom Amex refused to pay its filing fees as determined by the AAA". (MTS Opp. at 12.) But as Amex has already explained, such a refinement would not be appropriate because it would just be a proxy for the legal determination of waiver. (MTS at 15-16.) Plaintiffs offer no response to that argument or to the case Amex cited.

**CONCLUSION**

For the foregoing reasons and the reasons set forth in Amex's opening brief, Amex respectfully requests that the Court strike Plaintiffs' class action allegations because Plaintiffs cannot satisfy the requirements of Rule 23(b)(2) and 23(a).

August 2, 2024

Respectfully submitted,

**WHELAN CORRENTE & FLANDERS,**

by
*/s/ Robert Clark Corrente*

Robert Clark Corrente

100 Westminster Street, Suite 710
Providence, RI 02903
(401) 270-4500

**CRAVATH, SWAINE & MOORE LLP**
*/s/ Peter T. Barbur*

Peter T. Barbur (*pro hac vice*)
Kevin J. Orsini (*pro hac vice*)
Helam Gebremariam (*pro hac vice*)
David H. Korn (*pro hac vice*)

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

*Attorneys for Defendants American Express Company and American Express Travel Related Services Company, Inc.*