# Exhibit 1

**From:** AAA Cheryl Florio
**Sent:** Tuesday, September 3, 2024 4:38:30 PM (UTC-05:00) Eastern Time (US & Canada)
**To:** Peter Barbur; Scott Harris; AAA Cheryl Florio
**Cc:** Milberg Paralegal (AAA); Greg Coleman; Gary Klinger; Jonathan Cohen; Daniel Bryson; Mike Acciavatti; Peggy Wedgworth; Matthew Wild; Tracey Kitzman; rwc robertwcohenlaw.com; Gary Friedman; Josef Danczuk; Kevin Orsini; Gaia Mattiace; Rachel Shapiro; Mila Gauvin; Charles Bloom; David Korn; Rebecca Schindel; Helam Gebremariam; bdiessel@wiggin.com; ndenning@wiggin.com; ptuchmann@wiggin.com; droth@wiggin.com; CBooth@wiggin.com; mshah@wiggin.com; aghinaglia@wiggin.com; jmerschman@wiggin.com; tdooley@wiggin.com; japicella@wiggin.com; jdoroghazi@wiggin.com; tvanheel@wiggin.com; Jeremy Emanuel; Christina Brittis; gbensur@wiggin.com
**Subject:** RE: AAA American Express Mass Arbitration

External (cherylflorio@adr.org)

Report This Email   FAQ

Dear Counsel,

This will confirm receipt of Respondents' August 15, 2024 letter and the below emails dated August 27, 2024 and August 29, 2024.

The AAA has not received any further information pertaining to the filing of the 4,876 cases since our communication on January 18, 2024, which is attached. Should Claimants wish to proceed with the 4,876 cases, we ask those matters be re-filed with the proper filing requirements as set forth in Rule MA-2. The Rules and Fee Schedule effective at the time of re-filing will apply, which at this time would be the Mass Arbitration Supplementary Rules and the Mass Arbitration and Mediation Fee Schedule for Non-Consumer and Non-Employment/Workplace Disputes. Once these matters are properly re-filed, the AAA's initial administrative determinations would be subject to final determination by a Process Arbitrator in accordance with Rule MA-6.

Sincerely,

 **AAA Cheryl Florio**
**Director of ADR Operations**

American Arbitration Association
T: 401 431 4779  F: 866 644 0234  E: CherylFlorio@adr.org
16 Market Square 1400 16th Street, Suite 400, Denver, CO 80202
adr.org | icdr.org | aaamediation.org

 

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Peter Barbur <PBarbur@cravath.com>
**Sent:** Thursday, August 29, 2024 12:03 PM
**To:** Scott Harris <sharris@milberg.com>; AAA Cheryl Florio <CherylFlorio@adr.org>

1

Cc: Milberg Paralegal (AAA) <AAA@amexarbitration.com>; Greg Coleman <gcoleman@milberg.com>; Gary Klinger <gklinger@milberg.com>; Jonathan Cohen <jcohen@milberg.com>; Daniel Bryson <dbryson@milberg.com>; Mike Acciavatti <macciavatti@milberg.com>; Peggy Wedgworth <PWedgworth@milberg.com>; Matthew Wild <mwild@whitestreetpartners.com>; Tracey Kitzman <tkitzman@song.law>; rwc robertwcohenlaw.com <rwc@robertwcohenlaw.com>; Gary Friedman <gfriedman@flgllp.com>; Josef Danczuk <jdanczuk@cravath.com>; Kevin Orsini <Korsini@cravath.com>; Gaia Mattiace <gmattiace@cravath.com>; Rachel Shapiro <rshapiro@cravath.com>; Mila Gauvin <mgauvin@cravath.com>; Charles Bloom <cbloom@cravath.com>; David Korn <dkorn@cravath.com>; Rebecca Schindel <rschindel@cravath.com>; Helam Gebremariam <hgebremariam@cravath.com>; bdiessel@wiggin.com; ndenning@wiggin.com; ptuchmann@wiggin.com; droth@wiggin.com; CBooth@wiggin.com; mshah@wiggin.com; aghinaglia@wiggin.com; jmerschman@wiggin.com; tdooley@wiggin.com; japicella@wiggin.com; jdoroghazi@wiggin.com; tvanheel@wiggin.com; Jeremy Emanuel <jemanuel@cravath.com>; Christina Brittis <cbrittis@cravath.com>; gbensur@wiggin.com
**Subject:** RE: AAA American Express Mass Arbitration

**\*\*\* External E-Mail – Use Caution \*\*\***

Cheryl,

This will respond to Scott Harris's email dated August 27, 2024.

Mr. Harris cannot explain how 4,876 claims as to which no filing fees have been paid and that have been sitting dormant for over a year could possibly be deemed "filed" under AAA's rules. Instead, his email asks AAA to leave Amex in the dark about the status of these claims and whether, in AAA's view, they have been filed. That is unreasonable and inappropriate. As a matter of basic fairness and due process, Amex is entitled to know whether AAA deems thousands of claims to be "filed" and thus pending against Amex before AAA. Mr. Harris's position is untenable for many other reasons as well.

- Commercial Rule R-4(b)(iv) provides that "AAA *shall* provide notice to the parties (or their representatives if so named) of the receipt of a Demand or Submission when the administrative filing requirements have been satisfied." That is the basis for Amex's request. Amex understands that, by its own rules, AAA does not have discretion to refuse to say whether it believes the administrative filing requirements have been met.

- The fact that arbitrators for other sets of claims are making determinations concerning "whether claims are deemed to have been 'filed' within the meaning of the MOG" is irrelevant for at least two reasons. First, there are no arbitrators appointed for any of the 4,876 claims, and thus no arbitrators to make any determinations with respect to filing date. Second, Amex has not requested AAA to make any determination concerning "the meaning of the MOG". Amex has asked AAA only about the status of these 4,876 claims under AAA rules.

- Mr. Harris's reference to the use of a process arbitrator is particularly perverse because the explicit purpose of Amex's request is to obtain assurance that, if and when these claims ever proceed in the future, they will be deemed filed after AAA's rules were amended to make clear that non-Consumer and non-Employment claims are subject to AAA's mass arbitration rules. Appointment of a process arbitrator is the default under those rules.

In 2023, Claimants engaged in a months-long letter-writing campaign seeking to have AAA, long before arbitrators were appointed, make procedural determinations concerning what Claimants said was a "straightforward application of AAA rules". (Dec. 7, 2023 S. Harris email to E. Corsetti.) Amex is seeking something much simpler: clarity that there are not 4,876 claims filed and pending against Amex when no filing fees have been paid and nothing whatsoever has happened with those claims for over a year.

Thank you.

Peter T. Barbur

---

**From:** Scott Harris <sharris@milberg.com>
**Sent:** Tuesday, August 27, 2024 4:41 PM
**To:** Peter Barbur <PBarbur@cravath.com>; AAA Cheryl Florio <CherylFlorio@adr.org>
**Cc:** Milberg Paralegal (AAA) <AAA@amexarbitration.com>; Greg Coleman <gcoleman@milberg.com>; Gary Klinger <gklinger@milberg.com>; Jonathan Cohen <jcohen@milberg.com>; Daniel Bryson <dbryson@milberg.com>; Mike Acciavatti <macciavatti@milberg.com>; Peggy Wedgworth <PWedgworth@milberg.com>; Matthew Wild <mwild@whitestreetpartners.com>; Tracey Kitzman <tkitzman@song.law>; rwc robertwcohenlaw.com <rwc@robertwcohenlaw.com>; Gary Friedman <gfriedman@flgllp.com>; Josef Danczuk <jdanczuk@cravath.com>; Kevin Orsini <Korsini@cravath.com>; Gaia Mattiace <gmattiace@cravath.com>; Rachel Shapiro <rshapiro@cravath.com>; Mila Gauvin <mgauvin@cravath.com>; Charles Bloom <cbloom@cravath.com>; David Korn <dkorn@cravath.com>; Rebecca Schindel <rschindel@cravath.com>; Helam Gebremariam <hgebremariam@cravath.com>; bdiessel@wiggin.com; ndenning@wiggin.com; ptuchmann@wiggin.com; droth@wiggin.com; CBooth@wiggin.com; mshah@wiggin.com; aghinaglia@wiggin.com; jmerschman@wiggin.com; tdooley@wiggin.com; japicella@wiggin.com; jdoroghazi@wiggin.com; tvanheel@wiggin.com; Jeremy Emanuel <jemanuel@cravath.com>; Christina Brittis <cbrittis@cravath.com>; gbensur@wiggin.com
**Subject:** Re: AAA American Express Mass Arbitration

Dear Cheryl:

I thought this response had been sent to you yesterday, but, in light of Mr. Barbur's email, I see that it had not been sent.

As you know, the parties have ongoing arbitrations before many different arbitrators in both AAA and JAMS. In each of these proceedings, a critical issue for the arbitrator is which version of Amex's Merchant Operating Guide (MOG) applies. And that issue turns on *when* exactly claims are deemed to have been "filed" within the meaning of the MOG. Thus, a multitude of arbitrators, here and in JAMS, are grappling with the issue of when claims are "filed".

In his August 15 letter, Mr. Barbur seeks to short-circuit the entire process that the parties have been following. Instead of entrusting each merits arbitrator to make a determination of just when a case was "filed," Mr. Barbur now asks you to decide this question in favor of his client with respect to some 4,876 claims. Specifically, he asks you to opine "that the AAA filing requirements have not been met" for these claims, and to assure his client that any attempt to prosecute these claims must proceed as though the claims were never filed. (Ltr. at 1).

Mr. Barbur's request is particularly inappropriate because it is Amex that has insisted at every turn that all matters in each case must be resolved by individual merits arbitrators. Among other things, Amex has refused to allow the appointment of a Process Arbitrator who might rule across all cases on such issues as which MOG version applies, or when claims were filed. And yet, in his letter, Mr. Barbur seeks to cast you in the role of Process Arbitrator, foreclosing the ability of individual arbitrators to make such determinations.

Finally, Mr. Barbur writes that "Amex should not have to face the prospect" of arbitrating these 4,876 claims according to the rules that were in place when these claims were submitted to AAA. But Amex faces that prospect for good reason. Many arbitrators will understand that claimants filed their claims in August 2023. Many arbitrators will recognize that it was Mr. Barbur and Amex who repeatedly asked AAA administrators not to invoice the parties for the full panoply of

3

claims that were filed in August 2023. (See, e.g., letters from Mr. Barbur dated September _ and _ 2023.) And many arbitrators will see the hypocrisy in Amex now asserting those claims were never filed because AAA has not yet invoiced those claims.

Claimants respectfully submit that AAA should not interfere to relieve Amex of its legitimate concern that merits arbitrators may disagree with its position at the appropriate time.

Please let us know if you would like to discuss this further.

Thanks, Scott

Scott C. Harris
Senior Partner



Main Line: 919-600-5000
Direct Line: 919-600-5003
Cell: 919-816-7656



Confidentiality Notice: This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail and delete the message.

---

**From:** Peter Barbur <PBarbur@cravath.com>
**Date:** Tuesday, August 27, 2024 at 4:33 PM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>
**Cc:** Milberg Paralegal (AAA) <AAA@amexarbitration.com>, Scott Harris <sharris@milberg.com>, Greg Coleman <gcoleman@milberg.com>, Gary Klinger <gklinger@milberg.com>, Jonathan Cohen <jcohen@milberg.com>, Daniel Bryson <dbryson@milberg.com>, Mike Acciavatti <macciavatti@milberg.com>, Peggy Wedgworth <PWedgworth@milberg.com>, Matthew Wild <mwild@whitestreetpartners.com>, Tracey Kitzman <tkitzman@song.law>, rwc robertwcohenlaw.com <rwc@robertwcohenlaw.com>, Gary Friedman <gfriedman@flgllp.com>, Josef Danczuk <jdanczuk@cravath.com>, Kevin Orsini <Korsini@cravath.com>, Gaia Mattiace <gmattiace@cravath.com>, Rachel Shapiro <rshapiro@cravath.com>, Mila Gauvin <mgauvin@cravath.com>, Charles Bloom <cbloom@cravath.com>, David Korn <dkorn@cravath.com>, Rebecca Schindel <rschindel@cravath.com>, Helam Gebremariam <hgebremariam@cravath.com>, bdiessel@wiggin.com <bdiessel@wiggin.com>, ndenning@wiggin.com <ndenning@wiggin.com>, ptuchmann@wiggin.com <ptuchmann@wiggin.com>, droth@wiggin.com <droth@wiggin.com>, CBooth@wiggin.com <CBooth@wiggin.com>, mshah@wiggin.com <mshah@wiggin.com>, aghinaglia@wiggin.com <aghinaglia@wiggin.com>, jmerschman@wiggin.com <jmerschman@wiggin.com>, tdooley@wiggin.com <tdooley@wiggin.com>, japicella@wiggin.com <japicella@wiggin.com>, jdoroghazi@wiggin.com <jdoroghazi@wiggin.com>, tvanheel@wiggin.com <tvanheel@wiggin.com>, Jeremy Emanuel <jemanuel@cravath.com>, Christina Brittis <cbrittis@cravath.com>, gbensur@wiggin.com <gbensur@wiggin.com>
**Subject:** Re: AAA American Express Mass Arbitration

4

Cheryl,

Especially since Claimants have declined to respond, Amex respectfully reiterates its now-unopposed request that AAA confirm that the filing requirements have not been met for the 4,876 claims referenced in Amex's August 15, letter. Amex also requests a determination that, if these claims are filed at some point in the future, the AAA's rules for non-Consumer and non-Employment Mass Arbitration will apply.

Thank you very much.

Sincerely,

Peter T. Barbur

On Aug 19, 2024, at 2:35 PM, AAA Cheryl Florio <CherylFlorio@adr.org> wrote:

Dear Counsel,

This will confirm receipt of the attached letter on behalf of Respondent. At this time we ask Claimants to provide comments on or before August 26, 2024.

Thank you,

**AAA Cheryl Florio**
**Director of ADR Operations**

American Arbitration Association
T: 401 431 4779 F: 866 644 0234 E: CherylFlorio@adr.org
16 Market Square 1400 16th Street, Suite 400, Denver, CO 80202
adr.org | icdr.org | aaamediation.org

The information in this transmittal (including attachments, if any) is privileged and/or confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this transmittal is prohibited except by or on behalf of the intended recipient. If you have received this transmittal in error, please notify me immediately by reply email and destroy all copies of the transmittal. Thank you.

**From:** Charles Bloom <cbloom@cravath.com>
**Sent:** Thursday, August 15, 2024 2:50 PM
**To:** AAA Cheryl Florio <CherylFlorio@adr.org>; AAA Tacy Zysk <TacyZysk@adr.org>; mwild@whitestreetpartners.com; gcoleman@milberg.com; pwedgworth@milberg.com; sharris@milberg.com; tkitzman@song.law; gfriedman@flgllp.com; rwc@robertwcohenlaw.com; Gklinger@milberg.com; macciavatti@milberg.com; Jcohen@milberg.com; Dbryson@milberg.com
**Cc:** Peter Barbur <PBarbur@cravath.com>; Helam Gebremariam <hgebremariam@cravath.com>; David Korn <dkorn@cravath.com>; Rebecca Schindel <rschindel@cravath.com>; Gaia Mattiace <gmattiace@cravath.com>; Mila Gauvin <mgauvin@cravath.com>; Rachel Shapiro <rshapiro@cravath.com>; Josef Danczuk <jdanczuk@cravath.com>; bdiessel@wiggin.com; ndenning@wiggin.com; ptuchmann@wiggin.com; jdoroghazi@wiggin.com; droth@wiggin.com; cbooth@wiggin.com; tdooley@wiggin.com; gbensur@wiggin.com; tvanheel@wiggin.com; rhoff@wiggin.com; mshah@wiggin.com; aghinaglia@wiggin.com; japicella@wiggin.com
**Subject:** AAA American Express Mass Arbitration

**\*\*\* External E-Mail – Use Caution \*\*\***

Cheryl,

5

Please see the attached correspondence.

Best regards,

Charles Bloom
Cravath, Swaine & Moore LLP
Two Manhattan West
375 Ninth Avenue | New York, NY 10001
(212) 474-1286
cbloom@cravath.com

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.
<2024.08.15 - Letter from P. Barbur to C. Florio.pdf>

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

This e-mail is confidential and may be privileged. Use or disclosure of it by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please delete this e-mail from the computer on which you received it.

# CRAVATH

Peter T. Barbur
pbarbur@cravath.com
T+1-212-474-1058
New York

August 15, 2024

American Express Mass Arbitrations

Dear Cheryl:

In pending AAA arbitrations, Claimants' counsel have taken the position that they "filed" 10,517 AAA arbitrations over a year ago, on August 7 and 9, 2023.[1]  To this day, Amex has never seen any evidence of any such "filings".  In a letter dated September 20, 2023, Elizabeth Corsetti confirmed AAA's determination that the AAA filing requirements had not been met for any of these claims as of that date.

Through subsequent emails dated February 20 and 22, 2024, Ms. Corsetti confirmed AAA's determination that the AAA filing requirements had been met as of February 2024 for 5,641 claims for which Claimants had paid their share of the filing fees as determined by AAA.  However, Claimants have never paid any filing fees for the remaining 4,876 claims, and AAA has never issued any determination that the filing requirements have been met as to these additional claims.  Accordingly, Amex requests confirmation from AAA that the AAA filing requirements have not been met for these additional claims and that, if Claimants wish to pursue them, then they will have to be filed at some date in the future and will be subject to the AAA's rules for non-Consumer and non-Employment Mass Arbitration issued in April of 2024.  Such a determination is clearly mandated by AAA's rules and the arbitration agreement Claimants assert applies.

- Commercial Rule R-4(a) provides:  "The filing fee must be paid before a matter is considered properly filed".  Thus, there cannot have been any filing as to any claims other than the 5,641 for which Claimants paid filing fees.

- Commercial Rule R-4(b)(iv) provides:  "The date on which the filing requirements are satisfied shall establish the date of filing the dispute for administration."  Here, although AAA determined that the filing requirements were met as to the 5,641 claims for which Claimants paid filing fees, no such determination has been made for the remaining 4,876 claims.  Nor could such a determination be made given Claimants' counsel's failure to pay filing fees for over a year.

---

[1] Through emails, Claimants' counsel subsequently said that they were withdrawing certain claims, bringing the total number of claims being pursued down to 9,361.

**NEW YORK**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
T+1-212-474-1000
F+1-212-474-3700

**LONDON**
CityPoint
One Ropemaker Street
London EC2Y 9HR
T+44-20-7453-1000
F+44-20-7860-1150

**WASHINGTON, D.C.**
1601 K Street NW
Washington, D.C. 20006-1682
T+1-202-869-7700
F+1-202-869-7600

CRAVATH, SWAINE & MOORE LLP

- Section 13.1(i) of the version of the Merchant Operating Guide that Claimants' counsel say applies to all of their claims provides that "the rules of the selected arbitration agreement in effect when the Claim is filed" shall govern.  Thus, the version of the Mass Arbitration Supplementary Rules in effect prior to April 2024 (which did not apply to non-Consumer and non-Employment mass arbitrations) cannot apply to the 4,876 additional claims that have not yet been filed in accordance with AAA requirements.

AAA developed its Mass Arbitration Rules specifically "to streamline the administration of large volume filings involving" the same counsel and "to provide parties and their representatives with an efficient and economical path toward the resolution of multiple individual disputes." *See* Introduction to Mass Arbitration Rules (April 1, 2024).  AAA has noted that the Mass Arbitration Rules "demonstrat[e] our dedication to staying current and adapting to the ever-changing landscape". *Today's General Counsel* Oct. 2023 at 15 (interview with Neil B. Currie).  It was with that goal in mind that AAA in April of this year amended the Mass Arbitration Supplementary Rules to apply to "one hundred or more non-Consumer/non-Employment/Workplace similar demands on behalf of the same or related parties".  The 4,876 claims that have yet to be filed are thus precisely what the Supplementary Rules were intended to address.

Should Claimants ever agree to pay filing fees for the additional 4,876 claims, Amex would certainly note that many of the claims still cannot proceed because the merchant Claimants are not in fact Amex-accepting merchants that (i) have processed Amex transactions and (ii) are subject to the arbitration agreement upon which Claimants' counsel rely.  However, in the meantime, Amex should not have to face the prospect of having AAA's outdated rules apply to these 4,876 claims that Claimants' counsel continue to argue were filed over a year ago but have in fact never been filed under AAA's rules.

Thank you for your attention.

Very truly yours,

Peter T. Barbur

Cheryl Florio
    Manager of ADR Services – American Arbitration Association
      16 Market Square, 1400 16th Street, Suite 400
        Denver, CO 80202

Copy to:

All Counsel of Record

2