UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| 5-STAR GENERAL STORE aka BENTO LLC, MARC ALLEN, INC., FAST FORWARD MEDIA, INC., MEZE LLC, KENNEDY'S IRISH PUB INC., CARDEN, INC., FRENCH FLORIST, LLC, LUXE FURNITURE, INC., LUNA'S HOSPITALITY GROUP, LLC, and THE GENT'S PLACE MEN'S FINE GROOMING LLC, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>AMERICAN EXPRESS COMPANY and AMERICAN EXPRESS TRAVEL RELATED SERVICES CO. INC.,<br><br>Defendants. | Case No. 1:24-cv-00106-MSM-LDA |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS AMERICAN EXPRESS COMPANY AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendants American Express Company and American Express Travel Related Services Company, Inc. (collectively, "Amex"), by their attorneys, hereby answer the putative Class Action Complaint of plaintiffs 5-Star General Store aka Bento LLC, Marc Allen, Inc., Fast Forward Media, Inc., Meze LLC, Kennedy's Irish Pub Inc., Carden Inc., French Florist LLC, Luxe Furniture, Inc., Luna's Hospitality Group, LLC, and The Gent's Place Men's Fine Grooming LLC (collectively, "Plaintiffs") as follows:

1. Amex denies the allegations in Paragraph 1 as to itself, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

2. Amex denies the allegations in Paragraph 2 as to itself, except admits that merchants pay certain fees when accepting certain types of cards, and admits that Amex has certain nondiscrimination provisions ("NDPs") that apply to certain Amex-accepting merchants, which Amex refers to for their complete and accurate contents. Amex further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

3. Amex denies the allegations in Paragraph 3 as to itself, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

4. Amex denies the allegations in Paragraph 4 as to itself, except admits that Amex has certain NDPs that apply to certain Amex-accepting merchants, which Amex refers to for their complete and accurate contents. Amex further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

5. Amex denies the allegations in Paragraph 5, except states that the Paragraph purports to quote and characterize certain prior testimony, which Amex refers to for its complete and accurate contents.

6. Amex denies the allegations in Paragraph 6 as to itself, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

7. Amex denies the allegations in Paragraph 7, except admits that Amex has arbitration agreements with certain merchants, which Amex refers to for their complete and

accurate contents. Amex further states that the Paragraph purports to characterize certain prior judicial decisions, which Amex refers to for their complete and accurate contents.

8. Amex denies the allegations in Paragraph 8, except states that the Paragraph purports to characterize certain arbitration demands, which Amex refers to for their complete and accurate contents.

9. Amex denies the allegations in Paragraph 9, except states that the Paragraph purports to characterize certain AAA rules and schedules, which Amex refers to for their complete and accurate contents.

10. Amex denies the allegations in Paragraph 10, except states that the Paragraph purports to characterize certain correspondence involving AAA, which Amex refers to for its complete and accurate contents.

11. Amex denies the allegations in Paragraph 11, except states that the Paragraph purports to characterize certain correspondence involving AAA, which Amex refers to for its complete and accurate contents. Amex further refers to the Statement of Facts in Amex's Motion to Compel Arbitration (Dkt. 18, Defs.' Mot. to Compel Arb. at 3-8) for its contents.

12. Amex denies the allegations in Paragraph 12, except states that the Paragraph purports to characterize certain correspondence involving AAA, which Amex refers to for its complete and accurate contents.

13. Amex denies the allegations in Paragraph 13, except states that the Paragraph purports to characterize certain correspondence involving AAA, which Amex refers to for its complete and accurate contents.

14. Amex denies the allegations in Paragraph 14, except states that the Paragraph purports to characterize certain correspondence involving AAA, which Amex refers to for its complete and accurate contents.

15. The allegations of Paragraph 15 purport to state legal conclusions as to which no response is required. To the extent a response is required, Amex denies the allegations of Paragraph 15.

16. The allegations of Paragraph 16 purport to state legal conclusions as to which no response is required. To the extent a response is required, Amex admits that Plaintiffs purport to bring claims under Section 16 of the Clayton Act and Section 1 of the Sherman Act, and otherwise denies the allegations in the Paragraph.

17. The allegations of Paragraph 17 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations of the Paragraph, except admits that Amex has certain NDPs that apply to certain Amex-accepting merchants with locations in Rhode Island, among other states.

18. The allegations of Paragraph 18 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in Paragraph 18 as to itself, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

19. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19, and therefore denies them.

20. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and therefore denies them.

21. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21, and therefore denies them.

22. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, and therefore denies them.

23. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23, and therefore denies them.

24. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, and therefore denies them.

25. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and therefore denies them.

26. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26, and therefore denies them.

27. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, and therefore denies them.

28. Amex states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, and therefore denies them.

29. Amex admits that American Express Company is a New York Corporation with its principal place of business in New York, New York.

30. Amex denies the allegations of Paragraph 30, except admits that American Express Travel Related Services Company, Inc. is a New York corporation with its principal place of business in New York, New York and a wholly owned subsidiary of American Express Company.

31. Amex denies the allegations of Paragraph 31, except admits that (i) Amex has certain NDPs that apply to certain Amex-accepting merchants and (ii) Amex's Merchant Operating Guide ("MOG") contains NDPs and is available on Amex's website, and Amex refers to those documents for their complete and accurate contents.

32. Amex denies the allegations in Paragraph 32, except admits that Amex has certain NDPs that apply to certain Amex-accepting merchants, which Amex refers to for their complete and accurate contents.

33. Amex denies the allegations in Paragraph 33, except admits that Amex has certain NDPs that apply to certain Amex-accepting merchants, which Amex refers to for their complete and accurate contents. Amex further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

34. Amex denies the allegations in Paragraph 34, except admits that Amex has certain NDPs that apply to certain Amex-accepting merchants, and which Amex refers to for their complete and accurate contents. Amex further states that the Paragraph purports to characterize a prior judicial decision, which Amex refers to for its complete and accurate contents. Amex further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

35. Amex denies the allegations in Paragraph 35, except admits that Plaintiffs purport to quote and characterize certain prior testimony, which Amex refers to for its complete and accurate contents.

36. The allegations of Paragraph 36 purport to state legal conclusions to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph. Amex further states that the Paragraph purports to characterize certain prior judicial decisions, which Amex refers to for their complete and accurate contents.

37. The allegations of Paragraph 37 purport to state legal conclusions to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph. Amex further states that the Paragraph purports to characterize certain prior judicial decisions, which Amex refers to for their complete and accurate contents.

38. The allegations of Paragraph 38 purport to state legal conclusions to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph. Amex further states that the Paragraph purports to characterize certain prior judicial decisions, which Amex refers to for their complete and accurate contents.

39. The allegations of Paragraph 39 purport to state legal conclusions to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph. Amex further states that the Paragraph purports to characterize a prior judicial decision, which Amex refers to for its complete and accurate contents.

40. The allegations of Paragraph 40 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph, except states that Plaintiffs purport to bring Sherman Act Section 1 claims under the "rule of reason."

41. The allegations of Paragraph 41 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations of the Paragraph.

42. The allegations of Paragraph 42 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations of the Paragraph.

43. The allegations of Paragraph 43 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations of the Paragraph.

44. The allegations of Paragraph 44 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

45. The allegations of Paragraph 45 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations of the Paragraph.

46. The allegations of Paragraph 46 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

47. Amex denies the allegations in Paragraph 47.

48. The allegations of Paragraph 48 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph. Amex further states that the Paragraph purports to characterize certain prior judicial decisions, which Amex refers to for their complete and accurate contents.

49. Amex denies the allegations in Paragraph 49, except states that the Paragraph purports to characterize a prior judicial decision, which Amex refers to for its complete and accurate contents.

50. Amex denies the allegations in Paragraph 50, except admits that Plaintiffs purport to quote and characterize certain prior testimony, which Amex refers to for its complete and accurate contents. Amex further states that the Paragraph purports to characterize a prior judicial decision, which Amex refers to for its complete and accurate contents.

51. Amex denies the allegations in Paragraph 51.

52. Amex denies the allegations in Paragraph 52.

53. Amex denies the allegations in Paragraph 53.

54. Amex denies the allegations in Paragraph 54.

55. Amex denies the allegations in Paragraph 55.

56. Amex denies the allegations in Paragraph 56.

57. Amex denies the allegations in Paragraph 57, except states that Plaintiffs purport to characterize certain Australian regulations concerning credit-card surcharging, which Amex refers to for their complete and accurate contents.

58. Amex denies the allegations in Paragraph 58, except states that Plaintiffs purport to quote and characterize certain prior statements and testimony, which Amex refers to for their complete and accurate contents.

59. Amex denies the allegations in Paragraph 59 as to itself, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them. Amex further states that the Paragraph purports to characterize a prior judicial decision, which Amex refers to for its complete and accurate contents.

60. Amex denies the allegations in Paragraph 60 as to itself, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations

regarding persons or entities other than Amex in the Paragraph, and therefore denies them. Amex further states that the Paragraph purports to characterize a prior judicial decision, which Amex refers to for its complete and accurate contents.

61. The allegations of Paragraph 61 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

62. The allegations of Paragraph 62 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph as to itself, and states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding persons or entities other than Amex in the Paragraph, and therefore denies them.

63. The allegations of Paragraph 63 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

64. The allegations of Paragraph 64 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

65. The allegations of Paragraph 65 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

66. The allegations of Paragraph 66 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

67. The allegations of Paragraph 67 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

68. The allegations of Paragraph 68 purport to state a legal conclusion to which no response is required. To the extent a response is required, Amex denies the allegations in the Paragraph.

69. Amex incorporates its responses to Paragraphs 1 through 68 as though fully stated herein.

70. Amex denies the allegations of Paragraph 70.

71. Amex denies the allegations of Paragraph 71.

72. Amex denies the allegations of Paragraph 72.

73. Amex denies the allegations of Paragraph 73.

74. Amex denies each and every allegation of Plaintiffs' Complaint not otherwise responded to above, including but not limited to allegations appearing in headings.

## AFFIRMATIVE DEFENSES

Amex asserts the following affirmative defenses and reserves the right to assert further defenses as discovery proceeds:

### First Affirmative Defense

Plaintiffs fail to state a claim for which relief can be granted.

### Second Affirmative Defense

Plaintiffs' claims against Amex are barred by the applicable statutes of limitation and/or repose, or the doctrine of laches.

**Third Affirmative Defense**

Plaintiffs' claims against Amex have been released, or are barred by the doctrines of waiver and/or estoppel.

**Fourth Affirmative Defense**

Plaintiffs have not stated a claim for which injunctive or equitable relief can be granted.

**Fifth Affirmative Defense**

To the extent that the claims are subject to the arbitration provision in American Express's MOG, Plaintiffs' claims are not properly before this Court.

**Sixth Affirmative Defense**

Plaintiffs' claims may not be properly litigated as a class action.

**Seventh Affirmative Defense**

Plaintiffs' claims against Amex are barred because Plaintiffs lack standing to assert them.

**Eighth Affirmative Defense**

If Plaintiffs suffered any damage or losses, such damage or losses are not cognizable for the claims asserted by Plaintiffs against Amex.

**Ninth Affirmative Defense**

Plaintiffs' alleged injury, if any, was not proximately caused by Amex.

**Tenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injury, if any, is speculative and thus is not recoverable.

**Eleventh Affirmative Defense**

Plaintiffs' claims against Amex are barred because Plaintiffs have failed to allege, and have not suffered, antitrust injury.

**Twelfth Affirmative Defense**

Plaintiffs' claims against Amex are barred because Amex had legitimate business justifications for the conduct at issue, Amex's conduct was pro-competitive, and Amex's practices were and are reasonably justified.

**Thirteenth Affirmative Defense**

Plaintiffs' claims are barred by the equitable doctrine of unclean hands.

**Fourteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, on the ground that the scope of injunctive and other relief requested by Plaintiffs is overbroad and not sufficiently tailored to remedy the alleged injury.

**Fifteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' counsel is barred from representing Plaintiffs by the doctrine of equitable estoppel due to their ethical violations in soliciting Plaintiffs' claims.

**Sixteenth Affirmative Defense**

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' counsel is not authorized to pursue Plaintiffs' claims due to having procured Plaintiffs' consent through false and misleading solicitation.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Amex respectfully requests that this Court enter a Judgment and Order:

(1) dismissing Plaintiffs' putative Class Action Complaint in its entirety with prejudice and denying Plaintiffs any relief whatsoever;

(2) awarding Amex its costs, disbursements and reasonable attorneys' fees incurred by Amex in defending this action against Plaintiffs, jointly and severally, to the extent authorized by law; and

(3) awarding Amex any such other costs and further relief as the Court may deem just and proper.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Amex hereby demands a trial by jury in this action of all issues so triable.

Dated: September 24, 2026
New York, New York

Respectfully submitted,

**WHELAN CORRENTE & FLANDERS,**

by
*/s/ Robert Clark Corrente*

Robert Clark Corrente (#2632)
Christopher N. Dawson (#8508)

100 Westminster Street, Suite 710
Providence, RI 02903
(401) 270-4500

**CRAVATH, SWAINE & MOORE LLP**
*/s/ Kevin J. Orsini*

Kevin J. Orsini (*pro hac vice*)
Helam Gebremariam (*pro hac vice*)
David H. Korn (*pro hac vice*)
Rebecca J. Schindel (*pro hac vice*)

Two Manhattan West
375 Ninth Avenue
New York, NY 10001
(212) 474-1000

*Attorneys for Defendants American Express Company and American Express Travel Related Services Company, Inc.*